W. H. MYERS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 16, 1902—Rehearing denied June 6, 1902.*

1. SPECIAL ASSESSMENTS—*ordinance must be made clearly to appear unreasonable before court can so declare.* The city authorities are the best judges of the necessity of extending its system for supplying inhabitants with water and with fire protection, and the courts cannot declare the ordinance void for unreasonableness unless it is manifestly so or is made clearly to so appear from the evidence.

2. SAME—*when a water pipe ordinance will not be held unreasonable.* In the absence of proof that the lots assessed for water pipe extension are not benefited to the amount of the assessment, the fact that the lots, which are worth about $250 each, are each assessed $18.50 for the improvement does not justify the court in holding the ordinance void for unreasonableness.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

This is an appeal from the confirmation of a special assessment, to-wit, $5750.10, to pay the cost of putting in and along certain streets running through the district assessed, within the limits of the city of Chicago, water pipes connected with the water-works system of the city, to supply the inhabitants of such district with water and for fire protection.

The ordinance provided "that a cast-iron water supply pipe of the city of Chicago standard, of eight inches internal diameter and a weight of forty-six and one-fourth pounds per lineal foot, be and the same is hereby ordered constructed and laid in West Fifty-fifth street along a line twenty-five feet north of and parallel with the south line thereof, from a point twenty-five feet east of the west line of South Spaulding avenue to a point twenty-five feet east of the west line of Turner avenue," and provides for one fire hydrant on said West Fifty-fifth

street; also, "that a cast-iron water supply-pipe of the
city of Chicago standard, of six inches internal diameter
and a weight of thirty-five pounds per lineal foot, be and
the same is hereby ordered constructed and laid in South
Spaulding avenue along a line twenty-five feet east of
and parallel with the west line thereof, from and connect-
ing with the water supply-pipe line in West Fifty-fifth
street hereinbefore provided for, to a point twenty-five
feet south of the north line of West Sixtieth street, and
thence along a line twenty-five feet south of and parallel
with the north line of West Sixtieth street, to and con-
necting with the water supply-pipe now laid in West
Sixtieth street at the west line of South Spaulding ave-
nue," and provides for nine fire hydrants along the line
of the improvement; also, "that a cast-iron water supply
pipe of the city of Chicago standard, of six inches in-
ternal diameter and a weight of thirty-five pounds per
lineal foot, be and the same is hereby ordered constructed
and laid in Turner avenue along a line twenty-five feet
east of and parallel with the west line thereof, from
and connecting with the water supply-pipe in West Fifty-
fifth street hereinbefore provided for, to the north line
of West Fifty-seventh street," and provides for five fire
hydrants along the line of the improvement.

The evidence showed that the improvement was about
eight miles from the center of the city and that there
were about fifteen dwelling houses in the district as-
sessed; that there were other settlements provided with
city water, some beyond and others in different directions
from the district in question, a mile or a mile and a half
distant; that the inhabitants of the district assessed ob-
tained their water supply from wells and cisterns, which
in some instances had been condemned by the health
department of the city. No evidence was introduced
by the objectors that the property assessed, the most of
which was vacant lots, was not benefited to the amount
of the assessment against it.

J. T. BOOZ, for appellants.

ROBERT REDFIELD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only point made by appellants in their argument in this court for reversal of the judgment of confirmation is, that "the ordinance is premature, unreasonable, unjust, unnecessary and oppressive, and therefore void." We cannot sustain appellants' contention on the record presented. The evidence tended to prove that the lots were assessed each $18.20 and that their value was about $250 each. The assessment may appear to be burdensome, especially upon the vacant property, but there was no evidence that the property was not benefited by the improvement as much as it was assessed. The presumptions are all in favor of the reasonableness of the ordinance, and we cannot declare it void unless it is manifestly so or is made so to appear from the evidence. The municipal authorities are the best judges of the importance and necessity of the extension of its system for supplying the inhabitants of the city with water and for fire protection. We do not mean to say that an ordinance for such purposes may not, as for any other, be held void for unreasonableness, but only that it must be made clearly to appear that it is unreasonable before the courts can so declare. The facts do not bring the case within the same class of cases cited by appellants, viz.: *City of Chicago* v. *Rumpff,* 45 Ill. 90; *Tugman* v. *City of Chicago,* 78 id. 405; *Toledo, Wabash and Western Railway Co.* v. *City of Jacksonville,* 67 id. 37; *City of Lake View* v. *Tate,* 130 id. 247; *Hawes* v. *City of Chicago,* 158 id. 653.

The judgment will be affirmed.

*Judgment affirmed.*