STATE OF MINNESOTA *ex rel.* Charles Faber and another *vs.* DIS-
TRÍCT COURT OF DAKOTA COUNTY.

October 26, 1889.

Street Assessment — Resolution of Council — Approval by Mayor. —
Under the charter of the city of South St. Paul, resolutions of the com-
mon council, in proceedings to assess real estate for street improve-
ments, if not approved and signed by the mayor, and it not appearing
that they were ever presented to him, are of no effect.   His approval
cannot be attested in any other way than by his signature.

*Certiorari* to review a judgment of the district court for Dakota
county, *Crosby,* J., presiding, in a proceeding to enforce a special as-
sessment for grading a street, the owners of the property assessed
having appeared and objected to the assessment.

*Jno. V. I. Dodd* and *Fr. F. Wilde,* for relators.

*Joseph Schroll,* for respondent.

GILFILLAN, C. J.   In the assessment proceedings brought in ques-
tion in this cause there certainly was great disregard of both the let-
ter and the spirit of the provisions controlling such proceedings in
the charter of the city.   In assessing the property not fronting on
the street the method was adopted of dividing the amount to be as-
sessed on that property equally among all the lots, without regard to
their situation, character, or distance from the street to be graded,
or the means of getting from them to the street.   That some of them
must necessarily be benefited by the improvement more than others
is apparent, but that was not taken into account.   The difference
in benefits conferred was not considered at all.   All the proceed-
ings of the council were by resolution.   The charter (Sp. Laws
1887, p. 5, § 2,) provides: "All ordinances and resolutions shall,
before they take effect, be presented to the mayor, and if he approves
thereof he shall sign the same; and such as he shall not sign he
shall return to the common council, with his objections thereto."   In
case he returns the resolutions with his objections the vote must be
reconsidered, and the resolution can pass only by a vote of two-

thirds, to be taken by yeas and nays, to be entered of record.   None of the resolutions in the assessment proceedings were signed by the mayor, nor does it appear that any of them were presented to him. The respondent claims that the mayor was also a member of the council, and, as such, voted for each of the resolutions, and that such vote is equivalent to his approval as mayor.   It is enough to say of this proposition that the charter provides but one mode for the mayor to attest his approval of resolutions, to wit, by his signature.   It is impossible to substitute for that any other evidence that as an alderman or as a private person he approved or consented to such resolutions.   For failure to comply with the charter in this respect all the proceedings were void.

Judgment reversed.