SOPHIA TURNER v. THE CITY OF DETROIT AND ALBERT STOLL, RECEIVER OF TAXES.

*Constitutional law—Impairing obligations of contract—Delegation of legislative power—Municipal corporations.*

1. Act No. 388, Local Acts of 1889, under which the boulevard in the city of Detroit was opened and is maintained, contains no agreement or obligation on the part of the city to construct sidewalks at its expense; hence an adjoining lot-owner, a portion of whose lot was condemned under said act for the purpose of said boulevard, cannot successfully contend that Act No. 415, Local Acts of 1893, which imposes such expense upon adjacent land-owners, is invalid, in that it impairs the obligation of the implied contract existing, as he alleges, between the city and himself, exempting him from such expense.

2. Act No. 415, Local Acts of 1893, which authorizes the board of

commissioners of parks and boulevards of the city of Detroit to order the construction of sidewalks by adjacent land-owners, and determine where and of what material said walks shall be constructed, is not open to the objection that it delegates to said commissioners legislative power, which, under the Constitution, is conferrable on the common council alone.

Appeal from Wayne. (Hosmer, J.) Submitted on briefs February 12, 1895. Decided March 12, 1895.

Bill to restrain the collection of taxes assessed for the construction of a sidewalk in front of complainant's premises. Complainant appeals from decree sustaining demurrer. Affirmed. The facts are stated in the opinion.

*George V. Candler* and *Henry E. Candler,* for complainant.

*John J. Speed,* for defendants.

GRANT, J. Complainant is the owner of a lot facing on the boulevard in the city of Detroit. She was notified by the board of park commissioners to construct a stone sidewalk in front of her lot. She refused to do so, and the board constructed the walk, at an expense of $57. The lot was assessed for this amount, and the assessment roll placed in the hands of the receiver of taxes for collection, who was proceeding to enforce the same under the provisions of law. She thereupon filed a bill in equity to restrain such collection. A demurrer was interposed and sustained.

By Act No. 415, Local Acts of 1893, the commissioners are empowered to order the construction of sidewalks, and to determine the material for their construction, and their location. If, after notice, the owner neglects to construct the walk so ordered, the commissioners are authorized to construct it, and to report the cost thereof to the common council, whereupon the sum so reported is required to be

assessed upon the land. Two objections are raised to the validity of this act:

1. That it impairs the obligation of the contract between the city and the owners of property taken for the boulevard.

2. That it delegates legislative power and authority to the commissioners.

1. If the act under which complainant's land was taken for the boulevard contains an exemption from liability for the construction of sidewalks, her contention is correct. The difficulty with her position is that the act in question contains no agreement or obligation on the part of the city to construct sidewalks at its expense, the cost to be levied upon the whole city. The complainant alleges in her bill that her land was condemned for the use of the boulevard in 1890, under Act No. 388, Local Acts of 1889. Her counsel, in their brief, refer to the original boulevard act (No. 374, Local Acts of 1879). This act was expressly repealed by the act of 1889. Complainant's rights must therefore be determined by the later act. The title and some of the general provisions of this act may be found in *Commissioners of Parks v. Common Council of Detroit,* 80 Mich. 667–669. There is nothing in this act from which any inference can be drawn that the adjoining lot-owners are exempted from liability to construct sidewalks. The act contains provisions for condemnation which are, in substance, the same as those for condemning lands for streets. Counsel, in their brief, do not call attention to a single provision of the act showing any intention on the part of the Legislature to obligate the construction of sidewalks at the expense of the city.

2. The act establishing the board of park commissioners gives them the power to lay out driveways and walks, canals, and flower beds; to set out trees; and to determine where, and of what material, sidewalks and roadbeds shall

be constructed. This is not such a legislative power as is conferrable under the Constitution on the common council alone, and the power may be conferred by the Legislature upon the board. *People v. Hurlbut*, 24 Mich. 69.

Decree affirmed, with costs.

The other Justices concurred.