THE STATE, GEORGE PIERSON, MAYOR OF DOVER, ET AL., PROSECUTORS, v. THE CITY COUNCIL OF DOVER ET AL.

The common council of a city cannot evade the requirement of the city charter to submit every resolution to the mayor for his approval, by using the word "motion" instead of "resolution," in authorizing the making of a contract for lighting the city with electricity.

On *certiorari.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the prosecutors, *George T. Werts.*

For the defendants, *James H. Neighbour* and *Joseph Coult.*

The opinion of the court was delivered by

VAN SYCKEL, J. This *certiorari* is sued out to prevent the consummation of an alleged contract for lighting the streets of Dover by electricity. The contract bears date July 20th, 1897, and purports to be between the mayor and city council of Dover of the first part and the Dover Electric Light Company of the second part.

The mayor refused to approve the contract, and the question in the case is whether the making of the contract was such action as is required by law to be submitted to the mayor for his approval or veto.

Dover is incorporated under chapter 268, laws of. 1895, page 506.  *Gen. Stat., p.* 762.

By section 56 of that act it. is provided "that the council shall have power to provide for lighting of the streets, avenues and public places of the city, in such places as they in their judgment may deem necessary."

By section 26 it is provided that "every resolution or city ordinance passed by the city council shall, before it takes effect, be presented to the mayor by the city clerk, duly certified by the chairman of the city council and city clerk; if he approve it he shall sign it; if not he shall return it with his objections," &c.

The action of the city council in making this contract was as follows:.

"Councilman Carhart said, 'I move that the contract between the city council and the Dover Electric Light Company for the lighting of the city of Dover, as reported and read, be accepted as a binding contract for that purpose, and that the city clerk be directed to affix thereto the seal of the city, in duplicate, and attest the same under his signature, and that the chairman of the city council be directed to sign such contract, and that such contract so executed be spread in full upon the minutes of the city council.' "

The motion was seconded by Councilman Stumpf and adopted, the roll being called, by a vote of three to one.

Was this a resolution within the meaning of the twenty-sixth section of the city charter?

"A motion is a proposition made to the house by a member which, if adopted, becomes the resolution, vote or order of the house."  *Cush. Par. L.,* § 1279.

In *City of Burlington* v. *Dennison,* 13 *Vroom* 165, the city council passed a resolution to purchase a fire engine. The prosecutor controverted the validity of this resolution because it was not submitted to the mayor for his approval. The Supreme Court held that the approval of the mayor of the proceedings of a city council is essential to their validity only by special requirement of the charter. Under the charter of

the city of Burlington the necessity for such approval is re-
stricted to ordinances. For that reason the court said it did
not include resolutions, and the action of the council was
therefore affirmed.

By the charter of Jersey City every ordinance and every
resolution of common council must be submitted to the mayor
for his approval.

In *Dey* v. *Mayor, &c., of Jersey City,* 4 C. E. Gr. 412, an
ordinance duly passed authorized the common council to
make contracts for the removal of night soil, such contracts to
be made by the common council as a body, by a vote of a
majority.

Chancellor Zabriskie held that a resolution passed by coun-
cil to make such contract was without authority and void
unless it was presented to the mayor for his approval.

In *Schumm* v. *Seymour,* 9 C. E. Gr. 143, Vice Chancellor
Dodd adopted the declaration in Dey v. Jersey City that the
only existence of the mayor and council is as a board, and
they can do no valid act except as a board, and such act
must be by ordinance or resolution or something equivalent
thereto. .

*Paret* v. *Bayonne,* 10 Vroom 564, holds these municipal
bodies strictly to the prescribed method of procedure in the
performance of their official functions and refers with ap-
proval to the two cases last cited.

Although the word "resolution" or "resolved" was not
used by the common council in taking this proceeding, it is
none the less a proceeding resolved upon by the council, by
whatever name it may be called.

The requirement of the charter cannot be evaded in a
matter of such importance, nor the mayor deprived of his
prerogative by a mere change of words, by calling what is
resolved to be done a motion and not a resolution. The
proceeding certified is, in substance and effect, a resolution of
council, and it is void and must be set aside because it was
not submitted to the mayor for his approval.