SOL STUTSMAN, Appellant, v. JOHN McVICAR, Mayor of the City of Des Moines, THE CITY OF DES MOINES, Intervener.

**Resolution Aliowing Claim:** EFFECT OF VETO UPON WARRANT DRAWN UPON ALLOWANCE:  *Mayor's refusal to attest same.*  Plaintiff presented a claim for damages for personal injuries to the city of D, the allowance of which was recommended by the damage committee of the city council. The council adopted the report, which the mayor vetoed.  *Held*  that, since the adoption of the committee's report was a resolution requiring the mayor's assent, or passage over his veto, as provided by Code, section 685, the mayor properly refused to sign a warrant for the amount of the claim drawn on the city treasury, as required by Revised Ordinances City of Des Moines, section 36, no further action having been taken by the council after the mayor's veto.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

FRIDAY, APRIL 13, 1900.

ACTION for a peremptory writ of mandamus commanding the defendant, McVicar, as mayor of said city, to attest the signature of the city auditor to a warrant issued by said auditor on the said city treasurer in favor of the plaintiff. The defendant, McVicar, answered, and the city of Des Moines intervened.  The issues will appear in the opinion. The question presented on this appeal was raised by demurrers to the answer and the petition of intervention, both of which were overruled, and, the plaintiff electing to stand on said demurrers, his petition was dismissed, from which he appeals.—*Affirmed.*

*Brennan & Brennan* for appellant.

*L. Ward Bannister* for appellees.

GIVEN, J.—I.  The facts are undisputed, and are as
follows:  The plaintiff made claim against the city for dam-
ages incurred by personal injuries.  On October 18, 1897,
the damage committee of the city council and the city solicit-
or reported to the council recommending that two hundred
dollars be allowed in full of said claim, whereupon the fol-
lowing proceedings were had by the council:  "On motion of
Alderman Wilkins the above report of the damage committee
and assistant solicitor was adopted, and the auditor instructed
to draw a warrant for the amount by yeas, 8, nays, none;
Loper not present."  The city clerk certified this action to the
city auditor, and on October 19, 1897, he drew a warrant on
the city treasury in favor of the plaintiff for the amount
allowed, in form as required by law.  This warrant was pre-
sented to the defendant, McVicar, mayor, to be attested by
his signature, which he refused, and this action is to compel
him to so attest said warrant.  On November 1, 1897, the
mayor returned said resolution allowing plaintiff's claim to
the council "without approval," with his reason therefor, and
no further action was taken on the resolution or claim by
the city council.

II.  Section 36 of the Revised Ordinances of 1889, of
the city is as follows:  "It shall be the duty of the auditor
to draw all warrants on the city treasury as ordered by the
city council.  All warrants shall show both in the stub and
warrant upon what fund, and what particular appropria-
tion drawn, and shall not embrace more than one fund or
department; and it shall be the duty of the mayor to attest
said warrants by his signature and seal of the city."  Sec-
tion 685 of the Code is as follows:  "Sec. 685.  Signing by
Mayor—Veto—Passing Over Veto.  The mayor shall sign
every ordinance or resolution passed by the council before

the same shall be in force, and, if he refuses to sign any such ordinance or resolution, he shall call a meeting of the council within fourteen days thereafter, and return the same, with his reasons therefor. If he fails to call the meeting within the time fixed above, or fails to return the ordinance or resolution, with his reasons, as herein required, such ordinance or resolution shall become operative without such signature, and the clerk shall record it in the ordinance book, with a minute of the facts making it operative. Upon the return of any such ordinance or resolution by the mayor to the council, it may pass the same over his objections, upon a call of the yeas and nays, but not less than a two-thirds vote of the council, and the clerk shall certify on said ordinance or resolution that the same was passed by a two-thirds vote of the council, and sign it officially as clerk." See *Heins v. Lincoln,* 102 Iowa, 69. The action of the city council in allowing the plaintiff's claim, though not expressed in the usual form of a resolution, was, nevertheless, a resolve of that body, and required the signature of the mayor. The mayor did not sign it, but returned it without approval, with his reasons, within the time allowed; and, therefore, without further action by the council, the resolution was not in force, and did not authorize the issuing of the warrant. The city clerk should not have certified this claim as allowed until the resolution was in force by being signed by the mayor, by being passed over his veto, or by being withheld without veto or signature for more than fourteen days. This resolution was never in force, therefore was not authority to the city auditor to draw the warrant in question, and the mayor was justified in refusing to attest the warrant. Plaintiff's petition was properly dismissed.—AFFIRMED.