# Jones, Appellant, *v.* Schuylkill Light, Heat and Power Company.

*Boroughs—Ordinance—Resolution—Submission to chief burgess—Contract with electric light company—Act of May 23, 1893, P. L. 114.*

The Act of May 23, 1893, P. L. 114, makes the chief burgess a part of the law-making power of the borough. Its plain meaning is that every ordinance and resolution shall be presented to him. The only limitation of the act is that it does not apply to ministerial acts in carrying on the routine business, nor to acts which merely carry into effect what has before been authorized.

Section 3 of the Act of May 23, 1893, P. L. 114, requiring ordinances and resolutions of a borough council to be presented to the chief burgess applies to all acts of the council by ordinance or resolution which are of a legislative character, but not to those that are merely ministerial or executive. Generally under the first are permanent regulations for the government of the borough, the granting of privileges to occupy streets, and the creation of liability by contract; under the second, the transaction of current business, the ordinary administration of municipal affairs, and the awarding of contracts which have been previously authorized.

In the absence of a general ordinance providing for the lighting of a borough and authorizing the making of contracts from year to year, or at stated periods, a resolution of the borough council accepting the bid of an electric light company to light the streets for five years, and directing the proper officials to execute a contract with the company, must be submitted to the chief burgess for his approval. In such a case an ordinance passed many years before to prevent interference with borough lights and two contracts to light the streets for periods of five years each, are not adequate proof of the adoption of a permanent system as a legislative measure, which required only executive action from time to time to carry into effect.

Argued Feb. 18, 1902.   Appeal, No. 345, Jan. T., 1901, by plaintiff, from decree of C. P. Schuylkill Co., July T., 1901, No. 4, on bill in equity in case of David A. Jones v. The Schuylkill Light, Heat & Power Company.   Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ.   Reversed.

Bill in equity for an injunction.

SHAY, J., found the facts to be as follows:

From the evidence before us, it appears that, for the period of at least twenty-one years, the borough of Girardville has had a system of street lighting. The ordinance book of the bor-

ough, offered in evidence, shows, that as early as March 5, 1880, an ordinance was passed to prevent the interference with street lights, showing clearly that at that time a system of street lighting was in existence. Again in 1885, we find in the minutes of council, a motion to the effect that the gas company be notified to remove certain pipe so as not to interfere with the borough lights, the minutes also show that at this time, and subsequently, the borough was paying quarterly to the gas company for street lights. Then we have a contract, entered into between the borough and the Girardville Gas Company, to light the streets of the borough with gas for a period of five years, commencing January 1, 1889, and ending January 1, 1894. On November 1, 1895, another contract was entered into between the borough and the Frackville Light Company to light the streets of the borough of Girardville with electricity for a period of five years. Following this we have the execution of the present contract, which precipitated this suit.

At a meeting of the town council of the borough of Girardville, held April 15, 1901, the following resolution was passed: " Whereas, the bid offered by the Schuylkill Light, Heat and Power Company, for lighting the streets of the borough of Girardville, is the lowest and best bid thus far made to us, be it resolved: That we contract with the said company for the illuminating the streets of the borough of Girardville on the terms and conditions in the bid just read, and that as soon as said company comply with the order of court requiring the furnishing of additional bond, the proper officials be instructed to execute the contract under the seal of the borough of Girardville, with the said Schuylkill Light, Heat and Power Company."

This resolution was never presented to the chief burgess and was never signed or approved by him.

In pursuance of this resolution, a contract was entered into between the borough and the Schuylkill Light, Heat and Power Company, the material parts of which we have set forth above.

Subsequently, on May 31, 1901, an ordinance was passed by the borough council of Girardville, giving to the Schuylkill Light, Heat and Power Company " the right to occupy the streets and highways of the borough of Girardville, with such poles, wires and apparatus as may be necessary for conducting

its business." This ordinance was the general franchise for commercial lighting, etc., sweeping in its terms, and in no place mentioned the former resolution.

This ordinance was vetoed by the burgess on June 6, 1901, and at the time of hearing nothing further had been done with this ordinance. Before this ordinance was passed by council, the light company, under the direction of the street committee of the town council, of the borough of Girardville, had been going ahead under their contract and erecting poles, and had erected quite a number when the burgess, on May 27, 1901, notified the said company defendant, to cease erecting poles and to remove the poles already erected. The company ignored this notice, when plaintiff presented his bill to court, a preliminary injunction was granted, which was subsequently discharged on preliminary hearing and the case came up for final hearing and argument. At the time of hearing, one month's light had been paid by the borough to the light company.

The court entered the following decree:

And now, November 4, 1901, as to the right of the defendant company to enter the borough and furnish the lights as contracted for and herein above set forth, the court refuses to interfere by injunction, but direct an injunction to issue to restrain the defendant company, its agents or employees from any attempted furnishing of commercial light, heat or power, or using their poles for any other purposes than those of carrying out their contract for lighting the borough.

*Error assigned* was the decree of the court, quoting it.

*George M. Roads*, with him *M A. Kilker*, for appellant.— The resolution in question was legislative in character: Howard v. Borough of Olyphant, 181 Pa. 191 ; Sandy Lake Boro. v. Sandy Lake, etc., Gas Co., 16 Pa. Superior Ct. 234.

*MacHenry Wilhelm*, with him *Dallas Sanders*, for appellee.— The assent of the burgess was not necessary: Howard v. Olyphant Borough, 181 Pa. 191; Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118; Shaub v. Lancaster, 156 Pa. 362; Millvale Borough v. Howard, 162 Pa. 374 ; Seitzinger v. Tamaqua Borough, 187 Pa. 539 ; Lockhart v. Craig St. Ry. Co., 139 Pa. 424.

OPINION BY MR. JUSTICE FELL, March 24, 1902:

The single question raised by this appeal is whether a resolution of a borough council accepting the bid of an electric light company to light the streets for five years, and directing the proper officials to execute a contract with the company, must be submitted to the chief burgess for his approval.  The 3d section of the act of May 23, 1893, provides that: "Every ordinance and resolution which shall be passed by council shall be presented to the chief burgess of such borough.  If he approves he shall sign it, and if he shall not approve it he shall return it with his objections to said council at the next regular meeting thereof, when said objections shall be entered at large in the record book and said council shall proceed to a reconsideration of such ordinance or resolution."  The construction placed on this section of the act and on sections providing for advertisement and recording, is that they apply to all acts of the council by ordinance or resolution which are of a legislative character, but not to those that are merely ministerial or executive.  Generally under the first are permanent regulations for the government of the borough, the granting of privileges to occupy streets, and the creation of liability by contract; under the second, the transaction of current business, the ordinary administration of municipal affairs and the awarding of contracts which have been previously authorized: Howard v. Olyphant Borough, 181 Pa. 191; Commonwealth v. Diamond National Bank, 9 Pa. Superior Ct. 118.  Seitzinger v. Edison Electric Illuminating Co., 187 Pa. 539, does not establish a different rule.  In that case a resolution awarding a contract was presented by a resolution duly approved by the chief burgess, authorizing the making of the contract.  What is said in the opinion as to a resolution awarding a contract being a ministerial act, has reference to a contract which council has by resolution approved by the chief burgess previously authorized.

The distinction above noted between ministerial and legislative acts was observed by the court, and it is in effect conceded that the making of a contract to light the streets for five years is a legislative subject.  The decree refusing the injunction prayed for is based on the finding that: "A system of lighting the borough has existed for a period of at least twenty-one years, and in the absence of proof to the contrary we must

presume the original ordinance providing for the lighting of the borough was properly and legally passed, and the awarding of the contract carrying out the provisions of this ordinance was a mere ministerial act, concerning the current business of the borough and needed not the sanction of the chief burgess." There was no general ordinance providing for the lighting of the borough and authorizing the making of contracts from year to year or at stated periods. Two prior ordinances were offered in evidence, one passed in 1880, and the other in 1885, to prevent interference with borough lights. And two contracts were offered, one made in 1889, to light the streets for five years by gas, and one in 1895, to light them for five years by electricity. These were the only evidence of any previous action by the council on the subject. The ordinances established nothing except inferentially that there were street lights; and it did not appear in what manner the contracts were authorized. This was not adequate proof of the adoption of the permanent system as a legislative measure, which required only executive action from time to time to carry into effect.

The act of 1893 makes the chief burgess a part of the law-making power of a borough. Its plain meaning is that every ordinance and resolution shall be presented to him. The only limitation of the act is that it does not apply to ministerial acts in carrying on the routine business, nor to acts which merely carry into effect what has before been authorized. This is the only safe rule, and following it we must hold that the resolution of April 15, 1901, accepting the bid of the Schuylkill Light, Heat and Power Company, and directing a contract to be made, is invalid.

The decree entered November 4, 1901, is reversed and set aside, and it is directed that the record be remitted in order that a decree may be entered in accordance with this opinion.