LILLIAN FELLOWS PLATT, PROSECUTRIX, v. THE CITY OF ENGLEWOOD AND THE GAS AND ELECTRIC COMPANY OF BERGEN COUNTY.

Submitted March 22, 1902—Decided June 9, 1902.

A contract for street lighting for a definite term at a fixed price per lamp cannot be made by a council of a city governed under chapter 52 of the laws of 1899 (*Pamph. L., p.* 96), except by ordinance or resolution submitted to the mayor under section 15 of the act.

On *certiorari.*

Before Justices DIXON and COLLINS.

For the prosecutrix, *James B. Dill.*

For Englewood, *Raymond P. Wortendyke.*

For the Gas and Electric Company, *Demarest & De Baun.*

The opinion of the court was delivered by

COLLINS, J.   The writ in this case commands the certifying to this court of all "ordinances, resolutions, orders, votes, notices, proceedings and records * * * touching and con-

cerning the erection of electric light poles in the city of Engle-wood and of contracts and agreements with any person or persons concerning the erection of poles and lighting of the streets of said city of Englewood with electricity so far as the same affects the property of Lillian F. Platt."

The prosecutrix has the interest both of a property owner whose rights are claimed to be invaded and of a general tax-payer. Her chief cause of complaint is that poles and wires for incandescent electric lights have, without legal right, been erected upon John street and Tenafly road, where the same bound her lands. The only claim of authority for such erec-tion is a supposed agreement between the two defendants on September 4th, 1900. The return embraces an ordinance passed in 1899, but as this refers solely to arc lights and is limited to certain streets, not designated, referred to in an agreement between the city of Englewood and the predecessor of the other defendant, which is not returned, we do not deem it necessary to consider the objections urged against that ordi-nance. Nothing affecting the prosecutrix has been done under it and it is not properly within the command of the writ. Should action hereafter be taken under it that will affect the property of the prosecutrix, an application for a writ in her behalf will then be timely and will not be precluded by its improper return with the present writ.

The municipal action that does affect the prosecutrix is as follows:

On August 7th, 1900, the city council adopted a resolution authorizing the committee on streets, street lighting and water to have prepared for submission at the next regular meeting a contract for lighting with electric lamps or gas the streets and roads of the city. On September 4th, 1900, such com-mittee submitted to the council a letter from the treasurer of the Gas and Electric Company of Bergen County, together with a form of contract with that company for lighting the streets of the city, and at the same meeting it was moved and seconded that incandescent lamps be adopted instead of gas lamps for lighting the streets of the city from October 1st, 1900. The motion was declared carried by a unanimous vote.

It was then moved and seconded that the contract with the Gas and Electric Company of Bergen County for lighting the streets of the city from October 1st, 1900, and for a period of two years, be executed; and that motion was declared carried by a unanimous vote.

Appended to the return is a copy of a memorandum of agreement purporting to be made by and between the Gas and Electric Company of Bergen County and the city of Englewood, by which the gas and electric company agrees to maintain so many of the lamp posts and electric light poles, already erected under a previous agreement providing for the lighting of the city, as may be required, and to erect and maintain such additional gas lamps and such additional poles for incandescent electric lamps and such additional poles for arc lamps as may be designated by the council and to furnish gas and electricity for lighting the same; and the city agrees to pay a fixed price for each of the different classes of lights for a period of two years.

The action of neither of these meetings was submitted to the mayor, nor was the agreement executed by him. On the part of the city the agreement appears to have been executed, under the city seal, by the president of the common council and attested by the city clerk.

The writ in this case was purchased September 12th, 1901, and it is urged that the prosecutrix was in laches. Considered in her capacity of taxpayer this may be so, but the evidence shows that with respect to her property rights, she has been constant in opposition to the erection of the poles along her property. These are seven in number and were erected in December, 1900, or January, 1901. The written protest of the prosecutrix and other owners along Tenafly road being disregarded, the prosecutrix caused some of the poles along her property to be cut down in June, 1901. They were replaced, and in July, 1901, she sought relief in Chancery, but with what result does not appear in the case. We think the prosecutrix has not been in laches.

The illegality alleged with respect to the action of the common council that has been certified is that it was not submitted

to the consideration of the mayor of the city. The motion of August 7th, 1900, was merely preliminary and within the power of the council alone, but as to the attempt to make a contract on September 4th, 1900, the objection taken is fatal.

The city of Englewood was incorporated by chapter 40 of the public laws of 1899 (*Pamph. L., p.* 72), and is governed by chapter 52 of the public laws of that year. *Id., p.* 96. By section 15 of the act last cited it is provided that every ordinance or resolution passed by the common council shall, before it takes effect, be presented, duly certified by the city clerk, to the mayor, who, if he approves it, shall sign it, and, if he does not approve it, shall return it with his objections to the clerk within five days after the presenting thereof, and, in case of such return, then only, if on reconsideration it shall pass the common council by a vote of two-thirds of all the members, shall it take effect notwithstanding such objections.

It is too plain for contrary argument that a contract binding the city, such as was attempted to be made in the present case, can only be legal if effected by an ordinance or resolution duly presented to the mayor and the consequent proceedings prescribed as above recited. The contention for the defendants is that the resort to a mere motion instead of a resolution took the case out of the statute. The action taken was a palpable, but unsuccessful attempt to evade the requirement of the law. The motion, when carried, became a resolution of the council. The point has already been ruled on in this court under like circumstances. *Pierson* v. *Dover, 32 Vroom* 404.

Furthermore, the only statute that would authorize such a contract as was attempted expressly provides that it shall be made by ordinance or resolution. *Pamph. L.* 1894, *p.* 477.

The resolution and contract certified will, so far as they affect the property of the prosecutrix, be set aside, with costs.