(115 N. W. 844.)

---

THE STATE OF NORTH DAKOTA, ON THE RELATION OF KETTLE RIVER QUARRIES COMPANY, A CORPORATION v. GEORGE E. DUIS, AS MAYOR, AND WILLIAM V. O'CONNOR, AS AUDITOR, OF THE CITY OF GRAND FORKS, NORTH DAKOTA.

Opinion filed May 15, 1908.

**Municipal Corporations — Resolutions — Veto Power.**

1. Under section 2658, Rev. Codes 1905, which provides that the mayor "shall have power to sign or veto any ordinance or resolution passed by the council," it is *held,* that a resolution passed by the city council prescribing that certain streets and avenues shall be repaved in a certain designated manner is of a legislative character and subject to veto by the mayor.

**Statutory Construction.**

2. A construction, which completely nullifies a plain statutory provision, cannot be adopted when the law is susceptible of another construction, which is reasonably in harmony with the apparent object sought to be accomplished by the legislature.

Appeal from District Court, Grand Forks County; *Templeton, J.*

Application by the state, on the relation of the Kettle River Quarries Company, for a peremptory writ of mandamus against George E. Duis, mayor, and William V. O'Connor, auditor, of the city of Grand Forks. From a judgment denying the writ, plaintiff appeals.

Affirmed.

*Bangs, Cooley & Hamilton* and *Guy C. H. Corliss,* for appellant.

Veto power exists only where expressly conferred and then is strictly construed. People v. Board, 20 N. Y. S. 51; 4 Abbot's Pr. 35; 4 Thomp. & Cook, 357; Jacobs v. Board, 34 Pac. 630; Hall v. Racine, 50 N. W. 1094; State v. Langdon, 37 Atl. 383; Mc-Dermott v. Miller, 45 N. J. L. 251; Haight v. Love, 39 N. J. L. 14; Pensacola v. Telephone Co., 37 So. 824.

An ordinance is a local law prescribing a general and permanent rule. Citizens Nat'l Gas & Min. Co. v. Town of Elwood, 16 N. E. 624; City of Alma v. Guaranty S. Bk. 60 Fed. 206.

A power to veto with none to review is absolute; such legislative intent cannot be implied. People v. Councilmen of Buffalo, 20 N. Y. S. 51; Erwin v. Mayor, 60 N. J. L. 141, 64 Am. St. Rep. 584.

Entire statute will be explored to give meaning to a word. City of San Diego v. Granniss, 19 Pac. 875.

*Scott Rex,* for respondent.

An ordinance relates to legislative power, a resolution to business, executive or administrative power. McQuillan Mun. Ord. section 2; Abbot Mun. Corp., sections 514-6.

Resolutions should be approved by mayor. Stutsman v. Mc-Vicar, 82 N. W. 460; Altman v. City of Dubuque, 82 N. W. 461; Heins v. Lincoln, 71 N. W. 189; Moore v. City Council, 93 N. W. 510; State v. City of Englewood, 52 Atl. 239; State v. Council of Dover, 39 Atl. 675; Dey v. Mayor, 19 N. J. Eq. 412; Schuman v. Seymour, 24 N. J. Eq. 143; Whitney v. Port Huron, 50 N. W. 316; State v. District Court, 43 N. W. 389; People v. Schroeder, 76 N. Y. 160; Kittinger v. Traction Co., 54 N. E. 1081; Jones v. Light Co., 51 Atl. 762; Wilson v. Inhabitants, 56 N. J. L. 469, 29 Atl. 183; Cordilla v. City of Pueblo, 82 Pac. 594; Morton v. Broderick, 50 Pac. 644; Sacremento v. Anderson, 82 Pac. 1069; N. Y., etc. Ry. Co. v. Waterbury, 10 Atl. 162.

Legislative intent controls in construing statutes. 26 Am. & Eng. Enc. Law 602, 605; Lewis' Sutherland Stat. Consn., section 369; Cortesy v. Territory, 32 Pac. 504; Hugo v. Miller, 52 N. W. 381; Westfield Assn. v. Danielson, 26 Atl. 345; Grier v. State, 30 S. E. 255; Cummings v. Everett, 19 Atl. 456.

FISK, J. By stipulation of counsel the sole question presented on this appeal involves the power of the mayor of the city of Grand Forks to veto two certain resolutions passed by the city council of said city on June 11, 1907, one of which declared that certain streets and avenues therein should be repaved with creosoted wood block pavement, and the other accepting the bid of and awarding the contract to the relator for the construction of such improvements and directing the respondents, as mayor and auditor, to enter into a contract with the relator accordingly. Each of such resolutions was vetoed by the mayor, and respondents refuse to enter into such contract, basing their refusal so to do upon the ground that said resolutions never became operative because of the vetoes aforesaid. The relator prays for a peremptory writ of mandamus to compel respondents to enter into such contract, and this appeal is from an order of the district court of Grand Forks county denying such writ.

It is conceded by appellant's counsel that, if the mayor had the right to veto either of said resolutions, the order appealed from should be affirmed. Section 2658, Revised Codes 1905, expressly confers the veto power upon the mayor. It reads: "He shall have the power to sign or veto any ordinances or resolutions passed by the council." Appellant's counsel concede that if the word "resolutions," as above used, means something distinct from an ordinance and is not intended as thus employed to be synonymous with that word, then there is much force in respondent's contention that the veto power existed as to the resolutions aforesaid; but they argue that such a construction of the statute ought not to be adopted and is not permissible on account of the serious consequences which they assume would follow such construction, it being their contention that such veto power, if any exists as to resolutions as contradistinguished from ordinances, would necessarily be absolute because of the absence of any provision prescribing how the city council may pass a resolution over the mayor's veto. Section 2675, Revised Codes 1905, relating to the method of exercising the veto power as to ordinances, is silent as to resolutions, and we find no provision in the code expressly covering the method of the exercise of the veto power as to resolutions. Hence there is much force to the contention of appellant's counsel that, if the mayor has the veto power as to resolutions, the same is absolute; but such a result, even if true, is not necessarily controlling, although it is entitled

to much weight in construing the statute. It is, of course, within the undoubted power of the legislature to grant such unconditional veto power to the mayor. It is very apparent from an inspection of the statute that the same is strikingly deficient in revealing the legislative intent. The section granting the veto power as to resolutions as well as ordinances is explicit; but, as above stated, no method is prescribed as to the manner of the exercise thereof so far as resolutions are concerned.

In the face of this vague and ambiguous condition of our law upon the subject, we are required, if possible, to determine the legislative will, and to give effect thereto. It would certainly be doing violence to the legislative intent to hold, as contended by appellant's counsel, that such veto power does not extend to resolutions of any kind in the face of the express statute aforesaid. It is contrary to all rules of statutory construction to say that the word "resolutions," as used in the statute, means simply "ordinances." The language of the statute is too plain to permit of such construction, and it would manifestly be doing violence to the legislative will to so construe the same. The history of this statute as first found in the special charter granted to the city of Grand Forks in 1881 by the legislature of the late territory, and as incorporated into the general incorporation act of 1887 (Acts 1887, page 190, chapter 73), and now contained in the Revised Codes of the state (Rev. Codes 1905, chapter 2658), is repugnant to any such construction. Furthermore, the judicial construction of similar legislation of other states lends force to our views. City of Galveston v. Morton, 58 Texas 409; El Paso Gas, etc., Co. v. City of El Paso, 22 Texas Civ. App. 309, 54 S. W. 798; Gleason v. Peerless Mfg. Co., 1 App. Div. 257, 37 N. Y. Supp. 267; Creighton v. Manson, 27 Cal. 629; Twiss v. Port Huron, 63 Mich. 528, 30 N. W. 177; Stutsman v. McVicar, 111 Iowa 40, 82 N. W. 460; Altman v. City of Dubuque, 111 Iowa 105, 82 N. W. 461; Heins v. Lincoln, 102 Iowa 69, 71 N. W. 189; Moore v. Perry, 119 Iowa 423, 93 N. W. 510; State v. City of Englewood, 68 N. J. Law, 231, 52 Atl. 239; Pierson v. Dover, 61 N. J. Law, 404, 39 Atl. 675; Dey v. Mayor 19 N. J. Eq. 412; Whitney v. Port Huron, 88 Mich. 268, 50 N. W. 316, 26 Am. St. Rep. 291; State v. Dist. Ct., 41 Minn. 518, 43 N. W. 389; People v. Schroeder, 76 N. Y. 160; Jones v. Light Co., 202 Pa. 164, 51 Atl. 762; Cordilla v. City of Pueblo, 34 Colo. 293, 82 Pac. 594; Morton v. Broderick, 118 Cal. 474, 50 Pac. 644. See,

McQuillan, Munic. Ordinances, sections 535-549. That there is a fundamental and well-recognized distinction between an ordinance and a resolution, see McQuillan, Munic. Ordinances, section 2; Abbott, Munic. Corps., sections 514-516.

A construction which completely nullifies a plain statutory provision, and thereby does violence to the legislative will, cannot be adopted, when the law is susceptible of another construction, which is reasonably in harmony with the apparent object sought to be accomplished by the legislature. The construction contended for by appellant would require us to hold that the chief executive of the city has no power of veto, except as to ordinances in the strict sense of the term, and this, in the teeth of the explicit language of the statute to the contrary. We cannot thus hold. On the other hand, we cannot agree with appellant's counsel that, in holding that the veto power exists as to the resolutions in question, we are required to go to the length of holding that such veto power extends to all resolutions and motions passed or adopted by the city council, and that such veto power is absolute. Such a holding would, in our opinion, do equal violence to the legislative intent. While we admit that the question is not entirely free from doubt, we hold that the veto power extends at least to all resolutions of a legislative, as distinguished from a mere administrative, character, and that the statutory method of exercising such veto power as to ordinances must be held to apply, so far as applicable, to such resolutions. Resolutions of such a character, while not required, on account of their temporary purpose, to be passed with all the formalities of an ordinance, are nevertheless often of more importance than almost any ordinance, as is the case with the resolutions in question, and we think it was the legislative intent that such resolutions, in so far as the exercise of the veto power is concerned, were intended to be treated the same as ordinances. In other words, the term "ordinance or resolution," as used in the statute granting the veto power, was intended to include not only ordinances as such, but also resolutions of a legislative character and which therefore are similar to ordinances in this respect. By this rule of construction we are enabled to give effect to the evident intent of the legislature without any of the dire consequences which appellant's counsel contend would result from a holding that the veto power is absolute and extends to all resolutions of every character. As will be seen by an examination of the foregoing authorities, some courts, under stat-

utes similar to the one here involved, have gone to the extent of holding that the veto power extends to all resolutions, whether of a legislative character or not; but we are not called upon to go that far in the case at bar.

Applying the above rule of construction to the facts before us, we have no hesitancy in holding that the mayor had the right to veto at least the first resolution. This resolution is purely legislative in character, prescribing, as it does, the kinds of pavement to be laid in paving district No. 8 of said city. As said by us in Morton v. Holes, 115 N. W. 258: "It is, of course, well settled that the function of deciding all matters relative to public improvements such as are contemplated by the act in question are legislative in their character." See, also, Ton v. City of Chicago, 216 Ill. 331, 74 N. E. 1044; Jones v. Light Co., 202 Pa. 164, 51 Atl. 762; State v. Stewart, 74 Wis. 620, 43 N. W. 947, 6 L. R. A. 394; Turner v. Detroit, 104 Mich. 326, 62 N. W. 405. In Jones v. Light Company, supra, is was said: "The single question raised by this appeal is whether a resolution of a borough council, accepting the bid of an electric company to light the streets for five years, and directing the proper officials to execute a contract with the company, must be submitted to the chief burgess for his approval. The third section of the act of May 23, 1893, provides that, 'every ordinance and resolution which shall be passed by council shall be presented to the chief burgess of such borough. If he approves he shall sign it, and if he shall not approve it he shall return it with his objections to said council. * * *' The construction placed on this section of the act and on sections providing for advertisement and recording is that they apply to all acts of the council by ordinance or resolution which are of a legislative character, but not to those that are merely ministerial or executive. Generally, under the first, are permanent regulations for the government of the borough, the granting of privileges to occupy streets, and the creation of liability by contract; under the second, the transaction of current business, the ordinary administration of municipal affairs, and the awarding of contracts which have been previously authorized. Howard v. Olyphant Borough, 181 Pa. 191, 37 Atl. 258; Com. v. Diamond National Bank, 9 Pa. Super. Ct. 118. Seitzinger v. Illuminating Co., 187 Pa. 539, 41 Atl. 454, does not establish a different rule. In that case a resolution awarding a contract was presented by a resolution duly approved by the chief burgess authorizing the making of the con-

tract. What is said in the opinion as to a resolution awarding a contract being a ministerial act has reference to a contract which a council has by resolution, approved by the chief burgess, previously authorized. The distinction above noted between ministerial and legislative acts was observed by the court, and it is, in effect, conceded that the making of a contract to light the streets for five years is a legislative subject."

In Creighton v. Manson, supra, the Supreme Court of California held that a declaration of intention to grade a street is a legislative act, and as such must be passed in the mode prescribed by law and be approved by the president of the board. The court says, among other things: "We shall notice but one of the objections made by the appellant to the proceedings, and that is that the resolution of intention of the board of supervisors to grade the street in question was not presented to the president of the board for approval according to the requirements of section 68 of the consolidation act. It is a general rule that the legislative department of a city government can act only through the medium of an ordinance, unless the organic law specially provides another mode. The instrument containing the expression of the legislative will need not necessarily be in the usual form of a municipal ordinance and be preceded by the words 'Be it ordained,' etc.; but it may properly be, as in this case, in the form of a resolution; but whatever its form it amounts in substance to an ordinance, and must be passed in the mode prescribed for the passage of ordinances. It is provided in section 40 of the consolidation act that the board may order a street to be graded after notice of their intention has been published in a daily newspaper for a period of ten days, unless the owners of a specified proportion of the lands or lots bounded by the street shall make a written objection thereto. The declaration of intention is the fundamental act of the whole proceeding to grade the street, and in the absence of the declaration of intention manifested by an ordinance, or some act that is its equivalent in substance and effect, though differing from it in form, the whole proceedings must fail of compulsory effect. * * * The declaration of intention, whatever may be its form, is a legislative act, and as such must be passed in the mode prescribed by law. * * *"

In Gleason v. Peerless Mfg. Co., supra, the New York Supreme Court says: "Nor should the legislative power of the common council be construed as confined to laws prescribing general rules

of conduct for individuals of for the regulation of the city departments. A large part of all legislation is necessarily administrative in a certain sense. This is particularly true of the legislatures of municipal corporations, whose power to prescribe by-laws or rules of conduct is very limited. The main work of all such bodies is to act on the administration of local affairs, provide what improvements shall be made, what streets opened, how water shall be furnished to the inhabitants, and matters of this nature. The action of the common council on all these subjects we consider legislative." The Court of Appeals by unanimous vote affirmed the decision in said case. See 163 N. Y. 574, 57 N. E. 1110.

Having reached the conclusion that the mayor had the power to veto the first resolution aforesaid, we hold that the trial court did not err in denying the writ prayed for.

The order appealed from is, accordingly, affirmed. All concur.