Nancy LONEY, Plaintiff and Appellant,

v.

GRASS LAKE PUBLIC SCHOOL DIS-
TRICT NO. 3, a public corporation,
Defendant and Appellee.

Civ. No. 10237.

Supreme Court of North Dakota.

July 30, 1982.

Chapman & Chapman, Bismarck, for plaintiff and appellant; argued by Charles L. Chapman, Bismarck.

Dean F. Bard, Bismarck, for defendant and appellee; argued by Mr. Bard.

ERICKSTAD, Chief Justice.

This is an appeal by the plaintiff, Nancy Loney, from an order of the District Court of Burleigh County, dated June 23, 1982, by which the court dissolved a temporary injunction against the Grass Lake Public School District No. 3 (hereinafter School District) and also ordered that Loney accept or reject by noon, July 8, 1982, the teacher contract offered to her by the School District. We reverse and remand.

Loney is the only teacher employed by the School District. On February 23, 1982,

she submitted a petition in the name of the Grass Lake Education Association requesting the School District to recognize her, as the only certificated teacher-employee of the School District, to be the appropriate negotiating unit for purposes of negotiating under Chapter 15–38.1, N.D.C.C., and to further recognize the Grass Lake Education Association as the exclusive representative to negotiate for the unit. It is undisputed that Loney constitutes the Grass Lake Education Association which is a title chosen by her to negotiate with the School District under the provisions of Chapter 15–38.1, N.D.C.C.

Although the School District has agreed to allow Loney to present her views it refuses to negotiate at any time with Loney under the terms and provisions of Chapter 15–38.1, N.D.C.C. In support of that position the School District asserts that because Loney is the only teacher in the School District there can be no "group of teachers" to constitute an appropriate negotiating unit as defined under Section 15–38.1–02, N.D.C.C. Loney asserts that although the definition of "appropriate negotiating unit" includes reference to "a group of teachers" the legislature intended that all certificated teachers should have the right to negotiate under the provisions of Chapter 15–38.1, N.D.C.C. On appeal we are asked to resolve the following issue:

> Whether or not a teacher, who is the only certificated teacher-employee within a school district, has a right to negotiate with the school district under the provisions of Chapter 15–38.1, N.D.C.C.?

In construing Chapter 15–38.1, N.D.C.C., to resolve the issue raised by Loney on this appeal, it is necessary to consider the relevant provisions of the entire act. Subsection 15–38.1–12(1), N.D.C.C., imposes a duty to negotiate in good faith:

> "The school board, or its representatives, and the representative organization, selected by the appropriate negotiating unit, or its representatives, shall have the duty to meet at reasonable times at the request of either party and to negotiate in good faith ...."

Subsection 15–38.1–02(3), N.D.C.C., defines an "appropriate negotiating unit":

> " 'Appropriate negotiating unit' means a group of teachers having common interests, common problems, a common employer, or a history of common representation, which warrants that group being represented by a single representative organization in negotiations with a school board."

Subsection 15–38.1–02(6), N.D.C.C., defines the term "teachers":

> " 'Teachers' means and includes all public school employees certificated under chapter 15–36 and employed primarily as classroom teachers."

Section 15–38.1–08, N.D.C.C., authorizes representative organizations to negotiate on behalf of the appropriate negotiating unit:

> "15–38.1–08. Right to negotiate. Representative organizations shall have the right to represent the appropriate negotiating unit in matters of employee relations with the school board. Any teacher, or administrator, shall have the right to present his views directly to the school board."

Section 15–38.1–01, N.D.C.C., which states the legislature's purpose for enacting the chapter, is also relevant to a determination of the issue raised by Loney:

> "15–38.1–01. Purpose. In order to promote the growth and development of education in North Dakota which is essential to the welfare of its people, it is hereby declared to be the policy of this state to promote the improvement of personnel management and relations between school boards of public school districts and their certificated employees by providing a uniform basis for recognizing the right of public school certificated employees to join organizations of their own choice and be represented by such organization in their professional and employment relationships with the public school districts."

If the language of a statute is clear and free of all ambiguity the letter of the statute cannot be disregarded under the pretext of pursuing its spirit. Section 1–

02–05, N.D.C.C. If, however, the language of a statute is ambiguous or if adherence to the strict letter of the statute would lead to injustice or absurdity, the spirit of the law prevails over the literal meaning of the particular language of the statute for purposes of construing the statute to give effect to the legislative intent. *Barnes County Education Association v. Barnes County Special Education Board*, 276 N.W.2d 247 (N.D.1979).

We believe that Chapter 15–38.1, N.D.C.C., when considered as a whole, is ambiguous with regard to whether or not a teacher, who is employed as the only certificated teacher-employee of a school district, is entitled to negotiate with the school district under the provisions of that chapter. Because the term "group" generally means more than one, the use of the phrase "a group of teachers" to define an "appropriate negotiating unit" could arguably constitute a purposeful attempt by the legislature to exclude a sole teacher-employee of a school district from constituting an appropriate negotiating unit to negotiate under Chapter 15–38.1, N.D.C.C. However, there are other provisions within that chapter which arguably demonstrate a purposeful intent by the legislature to include all certificated teachers, irrespective of whether or not they are employed by single-teacher or multi-teacher school districts, under the negotiation provisions of Chapter 15–38.1, N.D.C.C. For example, the definition of "teachers" under Subsection 15–38.1–02(6), N.D.C.C., expressly includes all certificated public school employees who are employed primarily as classroom teachers; it makes no reference to excluding teachers employed within a single-teacher school district. Also, the stated purpose of the chapter, as set forth under Section 15–38.1–01, N.D.C.C., is to improve personnel management and relations between school boards and certificated employees "by providing a uniform basis" for recognizing the right of such employees to negotiate with the school districts.

In *Barnes County Education Association v. Barnes County Special Education Board*, 276 N.W.2d 247 (N.D.1979), a special educa-tion board asserted that it was not bound by the negotiation provisions of Chapter 15–38.1, N.D.C.C., because it was not a school board of a "public school district" as referred to under Sections 15–38.1–01, N.D.C.C., and 15–38.1–10, N.D.C.C. Upon concluding that Chapter 15–38.1, N.D.C.C., did apply to the special education board this Court stated:

"We believe that a reading of the entire chapter on teachers' representation and negotiation discloses an intent by the legislature to promote the growth and development of education in North Dakota by providing a uniform basis for teachers' representation and negotiation. We do not believe that this is to be limited to school boards of 'public school districts.'" 276 N.W.2d at 251.

Likewise, we do not believe that the legislature intended that the negotiation provisions of Chapter 15–38.1, N.D.C.C., be limited in application only to certificated teachers employed by a multi-teacher school district.

The definition of an appropriate negotiating unit under Subsection 15–38.1–02(3), N.D.C.C., stresses commonality of factors including interests, problems, employer, or representation history which warrants representation by a single representative organization. A teacher, as the only teacher-employee of a school district, has many of the same interests, problems, and concerns that a group of teachers might have. That teacher represents the ultimate in commonality of those factors. Thus, it would appear beyond reasonable dispute that a teacher, who is a school district's only certificated teacher-employee, constitutes the appropriate negotiating unit for negotiating teacher employment terms and conditions with the school board of that district.

Subsection 15–38.1–02(6), N.D.C.C., states that "teachers" mean all public school employees certificated under state law, and Section 15–38.1–01, N.D.C.C., states that the purpose of the act is to promote the improvement of personnel management and relations between school boards and their

certificated employees. We believe those provisions express an implied intent by the legislature to allow all certificated teachers in this state an opportunity for negotiations under Chapter 15–38.1, N.D.C.C. We will not strain to reach a contrary interpretation when there is no clear indication that single-teacher school districts are excluded merely because two or more teachers are technically a "group of teachers" whereas one teacher is not.

▮ Accordingly, we hold that a teacher who is employed as the only certificated teacher-employee of a school district constitutes an appropriate negotiating unit under Chapter 15–38.1, N.D.C.C., and, as such, is entitled to negotiate with the school board of the school district under the provisions of that chapter. The teacher may negotiate through a chosen representative organization as provided under the chapter or may negotiate through self-representation under the teacher's own name or under other title providing that the school district is not wrongfully misled.

The order of the district court is hereby reversed and remanded with instructions to the district court to enter an appropriate decree in accordance with this opinion.

VANDE WALLE and PAULSON, JJ., concur.

PEDERSON, Justice, concurring specially.

I concur with the conclusion that the case must be reversed and remanded but, primarily, for a reason not discussed in the opinion authored by Chief Justice Erickstad. It is my understanding of the School District's position that it absolutely disputes that Loney constitutes the Grass Lake Education Association, but it has little bearing, under the circumstances, on the issues in the case.

The statute, as a whole (Chapter 15–38.1, NDCC), is unrealistic in many respects but is not ambiguous in distinguishing between school board "negotiations" with one teacher individually and with more than one by a representative. We defined the word "negotiate" in *Fargo Ed. Ass'n v. Paulson*, 239 N.W.2d 842, 846–847 (N.D.1976). When one teacher "presents his views directly to the school board" (§ 15–38.1–08, NDCC), that can be considered negotiation. Even members of N.D.E.A. have the right to do that. However, as we said in *Petition of Dengler*, 246 N.W.2d 758, 764 (N.D.1976), *see also*, 287 N.W.2d 637 (Minn.1979), the law may even permit a person to use a number for a name but will not force its acceptance. Accordingly, the School District here may insist that Loney is not Grass Lake Education Association, but it may not deprive Loney of any substantive right which is granted by Chapter 15–38.1 to organizations of groups of teachers, including being represented by an attorney or other person. That would be invidious discrimination and an unconstitutional classification, contrary to Art. I, §§ 1, 12, 21 and 22, Constitution of North Dakota, which we have considered many times. *See, e.g., Benson v. N. D. Workmen's Comp. Bureau*, 283 N.W.2d 96 (N.D.1979).

Unfortunately, in this case, constitutional questions were not briefed or argued, so the best we can do (for this case only) is to adopt a construction of the statute to avoid making the statute invalid. *See State v. Duis*, 17 N.D. 319, 116 N.W. 751 (1908). That should not be construed to be a deterrent to a future holding, in a case which appropriately addresses the question, that the statute is unconstitutional.

During oral argument Loney's counsel stated that Loney is willing to "negotiate" under the name Loney. The trial court should limit the injunction in such manner as to prevent the School District from depriving Loney of substantive rights granted by Chapter 15–38.1, NDCC.

SAND, Justice, concurring specially.

I agree with Chief Justice Erickstad's opinion that NDCC Chapter 15–38.1 applies to school districts employing or having only one certificated teacher. I also concur with Justice Pederson's special concurring opinion that, under Chapter 15–38.1, an only certificated teacher of a school district need

not assume another title to negotiate, and a school board has a right, if not a duty, to be fully informed before an assumed title is accepted and "business" is conducted.

In the business world any person using an assumed title is required, as a matter of course, to make a full disclosure or give reasonable justification for using the title before any serious business is undertaken. The same concept applies to negotiations under Chapter 15–38.1.

In my opinion, whenever a teacher employed as the only certificated teacher of a school district assumes another title for purposes of negotiation under Chapter 15–38.1, such teacher must affirmatively disclose the reasons therefor to the school board.