THE STATE, HUGH J. GRANT, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF HAWORTH ET AL.

Argued February 17, 1909—Decided June 7, 1909.

A borough common council may adopt and confirm an assessment made by commissioners for the benefits resulting to a landowner from a public improvement, by a motion made to confirm the said assessment, followed by a vote adopting the motion. The use of the word "resolved" that the assessment be adopted, is not essential.

On *certiorari.*

This writ brings up an assessment against the prosecutor for benefits resulting from the construction of a road partly through his land, in the borough of Haworth, Bergen county, from Park street westerly to the Flatts road.

Before Justices REED, TRENCHARD and MINTURN.

For the prosecutor, *Mabie & Maidment.*

For the defendants, *Wendell J. Wright.*

The opinion of the court was delivered by

REED, J. The first point of attack is leveled against the manner in which the reports of the commissioners who made the assessment for benefits was adopted and confirmed by the common council of the borough of Haworth. It is insisted that the assessment should have been confirmed by a resolution of the common council, and that it was in fact confirmed by the adoption of a motion.

The proceeding for the making and confirmation of such an assessment within a borough is controlled by the Borough act. *Pamph. L.* 1897, *p.* 285. Section 58 of that act provides that after the commissioners of assessment shall certify their assessment to common council, that body shall, at a meeting, notice of which shall have been given in the manner directed by the section, consider the assessment, and that after considering it, common council may adopt and confirm the said assessment with or without alteration, as to them may seem proper.

The minutes of a meeting of the common council held on June 13th, 1908, show the following: "Motion offered by Dr. Hull that the report be confirmed, and that before taking a vote, the mayor deemed it advisable to throw the meeting open for public discussion." The minutes show that some discussion then followed. Then the minutes proceed: "Council called to order by Mayor McCulloch. Upon vote on motion

by Dr. Hull to confirm the report the result was as follows: Aye" (then follows the names of all the members present, voting in the affirmative).

The statute, as will be observed, requires an adoption and the confirmation of report of the commissioners. The statute does not prescribe the manner in which the adoption and confirmation shall be expressed. It can therefore be indicated by ordinance or resolution, and the point made is that it was not done even by resolution, which means that the motion and the affirmative vote thereon was not a resolution. But it is obvious that the adoption of the report was the expressed sentiment of the members of the common council.

Although the word "resolved" was not employed by the common council, nevertheless, in the language of Mr. Justice Van Syckel, in his opinion in *Pierson* v. *Dover, 32 Vroom* 404, it was none the less a proceeding resolved upon by the common council by whatever name it may be called. The point made is untenable.

The only other question is whether the assessment for benefits is for an excessive amount. A careful consideration of the testimony fails to show that any erroneous legal rule was adopted by the commissioners in arriving at the amount assessed. Nor can we say that the discretion with which the commissioners are invested in estimating the degree of benefits to the land of the prosecutor, from the opening of the street in question, was abused.

The confirmation of the report must be affirmed.