## Jeffreys *v.* Versailles Borough, Appellant.

*Boroughs—Awarding contract—Street improvement.*

1. Where a borough council has in due form authorized the improvement of a street, and it appears in the course of the improvement that the construction of a small wall is necessary to prevent the flooding of neighboring property, a contractor who has built such wall may recover the cost of it from the borough although his contract was not awarded under an ordinance, if it appears that the work which he did was merely incidental to the improvement authorized, that his contract was approved by the street committee of councils, that the work was properly done, and that the amount involved was small.

2. The Act of May 23, 1893, P. L. 113, applies to all acts of a borough council by ordinance or resolution which are of a legislative character, but not to those which are merely ministerial or executive. The ordinary administration of the municipal affairs, the awarding of contracts which had been previously authorized, and the transaction of routine business are ministerial or executive rather than legislative.

Argued April 30, 1913. Appeal, No. 160, April T., 1913, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1911, No. 572, on verdict for plaintiff in case of David O. Jeffreys v. Versailles Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for the construction of a wall. Before DAVIS, J.

At the trial it appeared that plaintiff sued to recover the sum of $103.50 for labor and material expended in constructing a small wall under a contract authorized by the street committee of the borough of Versailles. Councils had authorized the improvement of Walnut street, and in the course of this improvement it was

found necessary to construct the wall in question to protect the property of a Mr. Davis from flooding. The evidence tended to show that the wall was merely incidental to the main improvement.

Verdict and judgment for plaintiff for $110.78. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Oliver K. Eaton,* for appellant.—If the subject in question is of a legislative character it must be acted upon by the borough by ordinance or resolution duly approved by the burgess: Jones v. Light, Heat & Power Co., 202 Pa. 164; Riebe v. Walton, 18 Pa. C. C. Rep. 289.

The contract was ratified: Seibrecht v. New Orleans, 12 La. Ann. 496.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.—Municipalities as well as private corporations must account for money or other property applied by their officers to authorized uses, although the money or property so applied was received under an agreement which is wholly void: Argenti v. San Francisco, 16 Cal. 255; Aspinwall-Delafield Co. v. Aspinwall Borough, 229 Pa. 1.

OPINION BY HENDERSON, J., October 13, 1913:

The construction which has been placed on the Act of May 23, 1893, P. L. 113, is that it applies to all acts of the council by ordinance or resolution which are of a legislative character but not to those which are merely ministerial or executive: Jones v. Light Co., 202 Pa. 164. Permanent regulations for the government of the borough and the creation of liability by contract generally are regarded as of a legislative character; the ordinary administration of municipal affairs, the awarding of contracts which had been previously authorized and the transaction of routine business are ministerial or executive rather than legislative. The principle contended for by the appellant cannot be questioned as

properly applied, but the facts disclosed by the testimony brought up are of a somewhat different character. The work undertaken by the borough in the improvement of Walnut street involved or was made to include a change in the grade of Sumac alley. We are not informed under what authority this improvement was undertaken but it is our duty to assume that the borough was acting not only within the scope of its power but in compliance with the requirements of the law in carrying out the plan. The resulting effect on the Davis property appears to have been the creation of a nuisance by the discharge of water onto that property. What the council and its street committee undertook to do was to abate this nuisance as incidental to the principal work which was then in progress or had recently been completed. The details of the execution of this street improvement plan were subject to the control of the borough authorities, and if the improvement involved the construction of the wall as a means of avoiding injury to the adjoining property and consequent liability of the borough for damages we cannot say that the cost of the wall was the creating of an indebtedness within the meaning of the act of assembly. It was a small expense connected with the street improvement, and if bids were solicited for the work and the council referred the plaintiff's bid to the street committee by which it was accepted the work should be regarded as the completion merely of the change of grade rather than an independent undertaking for which there had been no precedent authority. That the work was done in relief of the borough is not questioned nor is there complaint of the amount of the bill. The jury having found that the plaintiff's bid was accepted by the street committee and the work performed pursuant thereto we think the contract is of such a character as that the plaintiff's rights thereunder should be protected. We are not dealing with an unexecuted contract but with a case in which the borough has

received the benefit of the plaintiff's work with a knowledge of the street committee that it was in progress and this was done pursuant to a bid found to have been accepted. We are not convinced therefore that the learned judge was in error in refusing to give binding instructions for the defendant or to enter a judgment non obstante veredicto.

The judgment is affirmed.