## John Cassidy vs The City of Brooklyn.

A statute authorizing the election of an additional justice of the peace in a city, conferred upon the justice to be elected thereunder, jurisdiction in all civil and criminal cases, and over all persons arrested or charged with any offenses, and all the jurisdiction, power and authority in *such cases*, which were possessed by the justices in said city then in office; and provided that all laws governing the justices of the peace in said city should apply to, and be binding upon, said justice; but made no provision for a clerk. *Held* that no power to nominate or appoint a clerk was granted by the statute, and that the court could not extend the statute by construction.

A subsequent statute devolved the power of appointing clerks of justices of the peace upon the common council. The charter of the city provided that the mayor and board of aldermen, together, should form the common council, and that all ordinances and resolutions passed by the board of aldermen must be presented to the mayor for his approval. *Held* that the concurrence of the mayor was requisite to a valid appointment of a clerk.

ACTION by the plaintiff to recover his salary as clerk of one of the justices' courts of the city of Brooklyn.

The plaintiff was nominated by James Lynch, the justice of the sixth district, as clerk of the court of that district, and the board of aldermen, to whom the nomination was communicated, approved the appointment by a vote of eighteen in favor of it, and none opposed. The mayor vetoed the appointment, and the city refused to pay the plaintiff the salary attached to the office.

*John G. Schumaker*, for the plaintiff.

*Jesse Johnson*, for the defendant.

*By the Court*, Gilbert, J. The act of 1868, (*ch.* 689, *p.* 1522, § 2,) confers upon the justice to be appointed and elected thereunder, jurisdiction in all civil and criminal cases, and over all persons arrested or charged with any offenses, and all the jurisdiction, power and authority *in such cases* which were possessed by the justices in said city,

then in office; and provides (§ 3) that all laws governing the justices of the peace in said city shall apply to and be binding upon said justice. The act makes no provision for a clerk. The salary of the justice is fixed at $500. He must be an attorney of the Supreme Court. He is required to keep his court open every day, from 6 o'clock P. M. to 9 o'clock P. M. only.

By section 1 of chapter 337 of the laws of 1862, it was provided that the police justice and the justices of the peace in the city of Brooklyn should each nominate, and, with the consent of the common council, appoint one clerk for each of said courts; and by an act passed in 1866, the salaries of such clerks were fixed at $1200 per annum.

We are of opinion that no power to nominate or appoint a clerk was granted by the act of 1868. The only grant is contained in section 2, and that is, by its terms, limited to such as may be exercised in *civil and criminal cases*. The provision in section 3 is merely restrictive of this grant. Such was manifestly the intention of the legislature, as shown by the other provisions of the act referred to, fixing the salary of the justice, the period of his daily duty, and specifying his qualifications. If they had intended that the justice should have a clerk, they would have used language expressive of their intent. Not having done so, we cannot extend the statute by construction.

It will be observed, also, that the act of 1862 devolves the power of appointing clerks of justices of the peace upon the common council. Who compose the common council of the city of Brooklyn? The language of the charter is explicit, that the mayor and board of aldermen, together, shall form the common council; and all ordinances passed by the board of aldermen must be presented to the mayor for his approval.

The concurrence of the mayor, therefore, was requisite

to a valid appointment. (*Achley's Case, 4 Abb. Pr.* 36.) On both these grounds, we think the defendant is entitled to judgment.

Judgment accordingly.

