■ In the Matter of STEPHEN S. GOTTLIEB et al., Respondents, v. PERRY B. DURYEA, JR., as Speaker of the Assembly of the State of New York, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered July 19, 1971 in Albany County, in favor of respondent Gottlieb in an article 78 proceeding. The petition sets forth four causes of action. The first contains averments as to Exhibit "A", a letter from respondent Gottlieb, a Member of the Assembly, addressed to approximately 450 of his constituents, the refusal to mail same by or on authority of appellants on the ground that same was "too political" and the lack of standards for determining whether items of mail are covered by section 16 of the Legislative Law; the second, the unequal maximum mailings permitted to minority and majority party members of the Assembly; the third, the unequal use of printing and reproduction services allowed to said members; and the fourth, the disparity regarding the use of television studio, film and taping services. Upon return thereof, appel-

lants moved to dismiss the petition upon the grounds that it failed to state a cause of action and that the court had no jurisdiction of the subject matter. Special Term rendered a decision stating: "summary judgment upon the first cause of action is granted to the petitioner. The other causes pleaded are dismissed as insufficient, without prejudice. The petitioner Rosenstein is not found to be an aggrieved party." The sole decretal paragraph in the judgment, which referred to the decision of Special Term, reads: "ORDERED, ADJUDGED AND DECREED, that judgment be entered in favor of the petitioner Stephen S. Gottlieb, and against the respondents, directing respondents immediately to seal, stamp and mail Exhibit 'A' to the complaint herein, and further directing respondents to seal, stamp and mail all mail deposited in the post office of the assembly, and to cease and desist from subjecting such mail to any prior restraint or censorship". The record reveals no other judgment or order entered upon said decision nor any cross appeal from the judgment entered by respondents. The disposition regarding the first cause, therefore, is the only one before us for review. The fundamental constitutional principle of the separation of powers among the three departments of government is included by implication in the pattern of government adopted by the State of New York (*Matter of LaGuardia* v. *Smith,* 288 N. Y. 1, 5-6), it being a basic part of the organic law that each department should be free from interference, in the discharge of its own functions and peculiar duties, by either of the others (*Matter of Davies,* 168 N. Y. 89, 101-102; *People ex rel. Burby* v. *Howland,* 155 N. Y. 270, 282). The grievance alleged in the first cause of the petition is an internal matter to be handled within the procedures of the Legislature. The courts should not review every internal dispute between its members since, to do so, would frustrate the legislative process and violate said constitutional principle. This is not a case of an overriding constitutional question, as in *Powell* v. *McCormack* (395 U. S. 486) and *Bond* v. *Floyd* (385 U. S. 116), wherein the internal administration of a legislative body was not in issue. We do not view this as a case of prior restraint or infringement of free speech since petitioner Gottlieb was free to use the mails, the question here being, rather, whether he could, under the legislative framework, expend public money for said purpose (see Legislative Law, § 16). Under the facts of this case, the first cause of action as set forth in the petition should be dismissed. Judgment reversed, on the law, and motion for dismissal as to the first cause of action set forth in the petition granted, with judgment to be entered accordingly, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke, and Simons, JJ., concur.