Cooke, J. (concurring).
I vote to affirm, on the opinion of
Mr. Justice G. Robert Witmer at the Appellate Division, and therefore concur in the result.
The ultimate paragraph of the memorandum of the majority causes concern. It is respectfully submitted that its enunciation is not only gratuitous and unnecessary for decision but, more importantly, creates uncertainty in the law and invites challenges to the duty conferred constitutionally upon the Governor that he "shall take care that the laws are faithfully executed” (NY Const, art IV, § 3) and the implementation of that duty in the Executive Law, requiring the Attorney-General to conduct such proceedings before a Supreme Court and Grand Jury as the Governor shall direct concerning investigation of criminal activities and to supersede the District Attorney in so doing (§ 63, subd 2).
Indeed, in the opinion relied upon by the majority, that of Justice Witmer (58 AD2d 207), it was stated at pages 214-215:
"In People v Kramer (33 Misc 209, 219, supra) the court said, 'The law thus confers upon the Governor a discretion, and when he has reason to doubt that the laws are being *822 executed, I know of no judicial method by which his reason may be questioned or measured. It is sufficient if he, in the exercise of the discretion vested in him, directs the Attorney-General to appear and prosecute any actions, civil or criminal, in which the People are interested.’ In People ex rel. Saranca Land & Timber Co. v Extraordinary Special & Trial Term of Supreme Ct. (220 NY 487), in considering the exercise of a gubernatorial direction in a similar context, Judge Cardozo wrote (p 491), 'The relator insists that an extraordinary term is needless. That is a question for the governor, and no one else. We cannot review the exercise of his discretion [citations omitted]. There may be reasons for urgency which we cannot know. The governor is not required to disclose them. He may have thought that the public interest demands the expeditious determination of actions affecting the title of the state. But the whole subject is beyond our province. The power and the responsibility are his, and his only.’ In Gaynor v Rockefeller (21 AD2d 92, 98, affd 15 NY2d 120, 131) Justice Stevens wrote in the Appellate Division, 'The * * * Governor of the State "is immune from interference by judicial process and free from judicial control in his performance of executive powers” ’, and in the Court of Appeals Judge Fuld wrote, 'It is the settled policy of the courts not to review the exercise of discretion by public officials in the enforcement of State statutes, in the absence of a clear violation of some constitutional mandate.’
* * *
"No instance has been cited to this court in which over the history of the existence of this power a Governor has abused his authority in superseding a District Attorney. If such abuse is found to occur, the People and the Legislature are the ones to fashion a means of restricting the Governors’ use of such power. On this record, the court should not attempt to do so.” (Emphasis supplied.)
Even more basically, the pattern of our State government embodies the fundamental constitutional principle of the separation of powers among three departments of government (see Matter of Gottlieb v Duryea, 38 AD2d 634, affd 30 NY2d 807, cert den 409 US 1008), and under said principle there is no warrant for our restriction of the scope of legislation in a manner that would thwart the constitutional and statutory policy or engraft restrictions on the executive department where none exist (see Matter of People [Lawyers Westchester *823 Mtge. & Tit. Co.], 288 NY 40, 50; 9 NY Jur, Constitutional Law, § 118). The separation of powers doctrine contemplates that the voters or their elected representatives will check any abuse by the Executive through the political process—by means of elective change, constitutional amendment or corrective legislation. When and if these processes are an inadequate means of fashioning a timely remedy to combat an abusé of the Governor’s power to order a superseder, unquestionably the courts will act to ensure compliance with the Constitution and the laws of the State (cf. Youngstown Co. v Sawyer, 343 US 579). No such circumstance is present here, and to the extent that the majority may be read as suggesting that the court may interfere when other remedies exist, this view contemplates an unwarranted intrusion, violative of the doctrine of separation of powers.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Cooke concurs in result in a separate opinion.
Order affirmed, without costs, in a memorandum.