In the Matter of MANFRED OHRENSTEIN et al., on Behalf of Themselves and All Other Members of the New York State Senate Similarly Situated, Appellants, v ROGER C. THOMPSON, Individually and as Secretary of the New York State Senate, et al., Respondents.

Third Department, October 8, 1981

APPEARANCES OF COUNSEL

*Eric Lane* for appellants.

*John F. Haggerty* for respondents.

OPINION OF THE COURT

CASEY, J.

The only issue on this appeal is whether certain entries in the Senate Journal for April 17, 1980 are so inaccurate as to violate section 10 of article III of the State Constitution. That section provides, in part, that "[e]ach house of the legislature shall keep a journal of its proceedings, and publish the same, except such parts as may require secrecy". Petitioners contend that implicit in that provision is a mandate to keep the journal accurately and that the

vote taken in regard to 130 separate items contained in three appropriation bills, which were "line vetoed" by the Governor and then resubmitted to the Senate for reconsideration, is not correctly reflected in the journal entry of April 17, 1980.

On April 16, 1980, in order to override the Governor's vetoes, the Senate voted by separate roll call on each individual appropriation item. This process resulted in overriding 11 of the Governor's "line vetoes" but took more than five hours to complete. Therefore, on the following day, the Majority Leader proposed that the remaining 130 items be divided into three groups, each representing the principal parts of the budget. Five items were assigned to capital construction, 35 items to State purposes, and 90 items to local assistance. In order to save time, it was proposed that a Senator's vote on each group of bills would be deemed a vote on each item contained in that group. This proposal was adopted by a majority of the Senate with certain members, including petitioners, objecting. Although each Senator present on April 17, 1980 actually voted only six times — three voice votes on three separate motions to remove each group of bills from the table and three roll call votes on each package — the journal reflects 260 individual votes.

Having been defeated on their motion made on the Senate floor to correct the journal in this respect, petitioners commenced this article 78 proceeding, alleging violations of the New York State Constitution, the Penal Law, the Legislative Law and the Public Officers Law.

Special Term dismissed the petition in reliance on section 9 of article III of the State Constitution, which directs that "[e]ach house shall determine the rules of its own proceedings", and upon a finding that no overriding constitutional question was presented. We agree.

Despite petitioners' argument to the contrary, it is clear that the crux of their challenge here is not that the Senate Journal inaccurately reflects the actions of the Senate. Rather, petitioners' complaint is actually with the Majority Leader's proposal that a Senator's vote on each group of bills would be deemed a vote on each item contained in that group.

The proposal of the Majority Leader, which was duly carried by a majority of the Senate, was an "internal affair" of that body (see *Matter of Gottlieb v Duryea,* 38 AD2d 634, 635, affd 30 NY2d 807, cert den 409 US 1008), with which the courts will not interfere *(New York Public Interest Research Group v Steingut,* 40 NY2d 250, 257). Moreover, the journal does reflect that the appropriation items were packaged and that a "nay" vote on a package to override the Governor's veto was to be deemed a "nay" vote on each item of the package. Therefore, the journal is not inaccurate and the petition was properly dismissed by Special Term.

The judgment should be affirmed, without costs.

MAHONEY, P. J. (concurring). Although we concur with the result reached by the majority in affirming the judgment of Special Term, we disagree with that portion of the majority's statement which states that petitioners' complaint is actually with the Senate Majority Leader's proposal that a Senator's vote on each group of bills would be deemed a vote on each item contained in that group, and thereby labels the dispute in this matter as an "internal affair" with which the courts should not interfere. Petitioners are not challenging the procedural moves employed by the Senate leadership which resulted in the three package votes. While they may have wanted to vote 130 separate times on April 17, 1980, petitioners concede that their losing fight to oppose the three package votes was an "internal affair" beyond judicial review. What they do seek to challenge is the accuracy of the Senate Journal which, they claim, does not reflect the votes which did occur on the Senate floor. In short, petitioners argue that the Senate Journal inaccurately reflects that 130 rather than three votes were taken on April 17, 1980 to override line item vetoes by the Governor.

Section 10 of article III of the New York State Constitution requires each house of the Legislature to keep and publish a journal of its proceedings. Inherent in that mandate is the requirement that said journal be accurate and reflect those proceedings, votes and determinations which actually transpired. Since the petition herein alleges that portions of the Senate Journal for April 17, 1980 are "false,

pretended and fictitious" in violation of the State Constitution, judicial review may be had of petitioners' claim (see *Matter of Board of Educ. v City of New York,* 41 NY2d 535, 538; cf. *Anderson v Regan,* 80 AD2d 490, revd on other grounds 53 NY2d 356). It is imperative that we allow this *direct* attack on the accuracy of the Senate Journal in view of decisions which have held journal entries binding on courts when their accuracy has been *collaterally* attacked (see *People ex rel. Durham Realty Corp. v La Fetra,* 195 App Div 280, 286, affd 230 NY 429; *City of Rye v Ronan,* 67 Misc 2d 972, 977, affd 40 AD2d 950; cf. *Loos v City of New York,* 257 App Div 219, 223).

Having decided that petitioners' claim is justiciable, a review of the disputed entries in the Senate Journal, which has now been printed and bound in final form, discloses that they are *not* false and inaccurate. Contrary to the position argued by petitioners, a person reading the Senate minutes for April 17, 1980 in conjunction with the voting record which appears at the end of the journal would not be misled into believing that 130 rather than three votes were taken to override vetoes by the Governor.

Furthermore, had petitioners been successful on the merits regarding the accuracy of the Senate Journal, it is uncertain whether they could have obtained their requested relief, i.e., expungement from the journal of various entries. The ultimate responsibility for the accuracy of the journal lies with the Senate and not with respondents, who as Secretary and Journal Clerk of the Senate merely record those entries which the Senate by vote directs them to record (see NY Const, art III, §§ 9, 10; Rules of the NY State Senate, rule V, § 1), and the 203rd Session of the Senate which convened in 1980 is no longer in existence to change its journal.

Sweeney and Kane, JJ., concur with Casey, J.; Mahoney, P. J., and Weiss, J., concur in an opinion by Mahoney, P. J.

Judgment affirmed, without costs.